IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECELIA GIBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-cv-912-T |
| ) | |
| P & C GROCERS, INC., AND ) | |
| CHARLES PRAKER, INDIVIDUALLY ) | |
| AND AS AN AGENT FOR ) | |
| P & C GROCERS, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER

NOW COME Defendants Charles Parker and P&C Grocers, Inc. in response to the Plaintiff's Complaint and state as follows:

1. Needs no responsive pleading. Defendants deny that the rights of Cecelia Gibbs were deprived and deny that Gibbs is entitled to any of the relief sought including declaratory judgment, equitable relief and money damages.

2. Denied. The Plaintiff's Complaint does not provide dates as to when the alleged sexual harassment and retaliation occurred and does not provide the date as to when her charge was filed with the Equal Employment Opportunity Commission ("EEOC"). Defendants admit that Plaintiff filed her lawsuit within 90 days of receipt of her "right-to-sue" letter from the EEOC.

3. The Court has jurisdiction over Plaintiff's Title VII claims against P&C Grocers, Inc. but has no jurisdiction over Defendant Parker pursuant to the statutes cited because Parker was not

Plaintiff's "employer" and is not liable to Plaintiff pursuant to Title VII. The Court has pendent jurisdiction over the tort claim made against Parker but may decline to exercise same.

    4.    Defendants deny that there were any unlawful employment practices. Defendants admit that venue is proper in this Court as to P&C Grocers, Inc. and as to Parker if the Court exercises pendent jurisdiction.

    5.    Needs no responsive pleading.

    6.    Admitted.

    7.    Admitted.

    8.    Defendants admit that Charles Parker has been the President of P&C Grocers, Inc. since January 2004. Otherwise, denied.

    9.    Denied.

    10.    Denied.

    11.    Denied.

    12.    Admitted.

    13.    Denied.

    14.    Denied.

    15.    Needs no responsive pleading. To the extent that this paragraph realleges and incorporates by reference ¶¶ 1-14 of the Complaint, Defendants reallege and incorporate by reference ¶¶ 1-14 of the Answer.

    16.    Denied. Defendant Parker further denies that he was Plaintiff's employer and contends that he cannot be liable to the Plaintiff pursuant to Title VII.

    17.    Denied.

18.    Denied.

19.    Needs no responsive pleading. To the extent that this paragraph realleges and incorporates by reference ¶¶ 1-18 of the Complaint, Defendants reallege and incorporate by reference ¶¶ 1-18 of the Answer.

20.    Denied. Defendant Parker further denies that he was Plaintiff's employer and contends that he cannot be liable to the Plaintiff pursuant to Title VII.

21.    Denied.

22.    Denied.

23.    Needs no responsive pleading. To the extent that this paragraph realleges and incorporates by reference ¶¶ 1-22 of the Complaint, Defendants reallege and incorporate by reference ¶¶ 1-22 of the Answer.

24.    Defendants admit that there is a claim under Alabama law for intentional infliction of emotional distress. However, the Defendants deny that the conduct alleged constitutes intentional infliction of emotional distress. Therefore, denied.

25.    Denied.

As to the prayer for relief contained in the Plaintiff's Complaint, Defendants deny that the Plaintiff is entitled to any of the relief sought in the Complaint. Defendant Parker alleges specifically that he was not the Plaintiff's "employer" and cannot be liable pursuant to Title VII.

For further answer to the Complaint, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are frivolous and have no basis. Plaintiff's Complaint is in violation of Rule 11, FEDERAL RULES OF CIVIL PROCEDURE and the Alabama Litigation Accountability Act,

ALA. CODE §§ 12-19-270 to 275. Upon successful disposition of this case, Defendants place Plaintiff on notice that they intend to seek recovery of attorney's fees and costs associated with responding to Plaintiff's frivolous claims.

## SECOND AFFIRMATIVE DEFENSE

Defendant Parker was not Plaintiff's "employer" and is not liable pursuant to Title VII and the remedies provided for therein.

## THIRD AFFIRMATIVE DEFENSE

Defendant P&C Grocers, Inc. at all times had a written policy with regards to sexual and religious harassment. Plaintiff did not follow the written policy with regard to sexual and religious harassment and made no complaints and provided no notice to the persons set forth in the written policy regarding sexual and religious harassment.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the applicable Statute of Limitations since the Plaintiff has provided no dates as to when the alleged sexual or religious harassment/discrimination occurred.

## FIFTH AFFIRMATIVE DEFENSE

Defendant P&C Grocers, Inc. timely conducted an investigation into Plaintiff's claims after she filed her claim with the EEOC.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff had an adequate remedy to address and redress alleged sexual harassment and/or religious discrimination and did not avail herself of same.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was terminated due to constant and continuous problems with alcohol abuse and other problems which disrupted the business operations of P&C Grocers, Inc. P&C Grocers, Inc. had a legitimate, non-discriminatory basis for terminating the employment of the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants deny any allegation of the Complaint which alleges sexual harassment or religious discrimination against the Defendants and demand strict proof thereof.

### NINTH AFFIRMATIVE DEFENSE

As to Plaintiff's claims for non-economic damages and punitive damages, Defendants deny that Plaintiff is entitled to punitive damages and assert all limitations and statutory provisions related to recovery of punitive damages in Title VII actions. Defendant Parker specifically denies that he is liable for non-economic damages or punitive damages pursuant to Title VII.

### TENTH AFFIRMATIVE DEFENSE

Defendant P&C Grocers, Inc. is not liable to the Plaintiff for the conduct described because P&C Grocers, Inc. had no notice of same and no opportunity to address same until Plaintiff filed a charge with the EEOC.

### ELEVENTH AFFIRMATIVE DEFENSE

As to Plaintiff's claims for punitive damages under Alabama law for the intentional infliction of emotional distress claim, Defendants assert the following:

1.  The Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the State of Alabama.

2. The Defendants affirmatively aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

3. The Defendants affirmatively aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

4. The Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States.

5. The Defendants affirmatively aver that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendants punitive damages which are penal in nature yet compel the Defendants to disclose potentially incriminating documents and evidence.

6. The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and of the Alabama Constitution of 1901 as amended to impose punitive damages on one defendant for the acts of another defendant.

(g) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and of the Alabama Constitution of 1901 as amended to impose joint and several liability for punitive damages and to prohibit the jury from allocating punitive damages among defendants.

7. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

8. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

9. The award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

10. The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30, ALA. CODE, 1975, and is barred.

11. The claim for punitive damages is subject to the limitations set forth in ALA. CODE § 6-11-20 through § 6-11-30 (1975) which the Alabama Supreme Court incorrectly decided was unconstitutional. Defendants contend that the statute passed by the Legislature is still in force and effect and that the Alabama Supreme Court violated the separation of powers doctrine in declaring said Act unconstitutional.

**DONE** this the 5th day of January, 2006.

    /s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendants David Parker and
P&C Grocers, Inc.

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
   PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, AL 36102
(334) 834-5311
(334) 834-5362 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 5th day of January, 2006, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Charles W. Blakeney, Esq.
  P. O. Box 100
  Geneva, AL 36340

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  Honorable Troy King
  Attorney General
  11 South Union Street
  Montgomery, AL 36130

            /s/ Micheal S. Jackson
            **OF COUNSEL**