IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECELIA GIBBS, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *   Case No.: 1:05-CV-00912-MHT |
| | * |
| P & C GROCERS, INC., and | * |
| CHARLES PARKER, individual and as an | * |
| agent for P & C Grocers, | * |
| | * |
| DEFENDANTS. | * |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 20, 2006 by telephone and was attended by: Charles W. Blakeney, Esq. for Plaintiff, Cecelia Gibbs, and Michael S. Jackson for Defendants, P & C Grocers, Inc. and Charles Parker.

The parties do not request a conference with the Court before entry of the scheduling order.

1.  Plaintiff's and Defendant's brief narrative statement:

Plaintiff's Statement: On January 6, 2004, the Defendant, Charles Parker, the owner of P & C Grocer began making weekly visits to the gas/convenience store where the Plaintiff was the manager. The Defendant, Charles Parker is the owner of a total of 18 gas/convenience stores in the area. The store that the Plaintiff worked at is located on East Highway 52 in Geneva, Alabama. During each visit, the Defendant, Charles Parker would massage my back and shoulders, and he would preach to me about God. The Plaintiff informed the Defendant not to speak to the Plaintiff about God as it had nothing to do with the Defendant or the Plaintiff's job at the store. This continued until the Plaintiff was fired on June 23, 2004 by the Defendant, Charles Parker. The

Plaintiff had told the Defendant, Charles Parker to keep his hands to himself during the week of June 7-11, 2004. On June 23, 2004, the Plaintiff found out that the Defendant, Charles Parker was training someone to take the Plaintiff's place, and the Plaintiff went to work upset. Because the Plaintiff was so upset, she left work. The Defendant, Charles Parker then called the Plaintiff's home, and when the Plaintiff confronted the Defendant, Charles Parker about the situation, the Defendant informed the Plaintiff that she was fired and that she needed to "Get right with God."

During the Plaintiff's employment, the Defendant, Charles Parker made derogatory sexual statements about other employees to the Plaintiff and told the Plaintiff to fire a male employee for dating a co-employee. On April 27, 2004, the Defendant make derogatory sexual comments about the employee he wanted the Plaintiff to fire. The Plaintiff was subjected to a harassing work environment and the Plaintiff was fired because she told the Defendant, Charles Parker to keep his hands off of the Plaintiff and to not talk to the Plaintiff about God. At the time of all of the discriminatory conduct, the Defendant Charles Parker was the President of the Defendant corporation, P & C Grocers, Inc.

Defendant's Statement: Defendant Parker was not Plaintiff's "employer" and is not liable pursuant to Title VII and the remedies provided for therein. P & C Grocers, Inc. at all times had a written policy with regards to sexual and religious harassment. Plaintiff did not follow the written policy with regard to sexual and religious harassment and made no complaints and provided no notice to the persons set forth in the written policy regarding sexual and religious harassment. Plaintiff has provided no dates as to when the alleged sexual or religious harassment/discrimination occurred. P & C Grocers, Inc. timely conducted an investigation into Plaintiff's claim after she filed her claim with the EEOC. Plaintiff had no adequate remedy to address and redress alleged sexual harassment and/or religious discrimination and did not avail herself of same. Plaintiff was terminated due to constant and continuous problems with alcohol abuse and other problems which

disrupted the business operations of P & C Grocers, Inc. P & C Grocers, Inc. had a legitimate, non-discriminatory basis for terminating the employment of the Plaintiff. P & C Grocers, Inc. is not liable to the Plaintiff for the conduct described because P & C Grocers, Inc. had no notice of same and no opportunity to address same until Plaintiff filed a charge with the EEOC. Parker is not liable to the Plaintiff individually for intentional infliction of emotional distress or "outrage", assault, battery or any other tort.

2. This jury action should be ready for trial by December 4, 2006 and at this time is expected to take approximately 2 days to try, excluding jury selection.

3. The parties request a pre-trial conference on October 27, 2006.

4. Discovery will be needed on the following subjects:

All issues and damages framed by the pleadings.

All discovery commenced in time to be completed by July 25, 2006.

5. Initial Disclosures. The parties will exchange within 28 days after the filing of the report of the parties planning meeting the information required by Fed. R. Civ. P. 26(a)(1).

6. The parties request that a date to join additional parties and amend pleadings by April 28, 2006.

7. Reports from retained experts under Rule 26(a)(2) due:

| | |
|---|---|
| Plaintiffs: | July 31, 2006 |
| Defendants: | August 14, 2006 |
| Plaintiff rebuttal reports: | August 28, 2006 |

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by October 20, 2006. Any objections to said lists by any party due by November 3, 2006.

9. Discovery limits.

Maximum of 40 interrogatories by each party to any other party. Responses due 40 days after service.

Maximum of 10 depositions by Plaintiff to any other party, and maximum of 10 depositions by each Defendant to any other party. Each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

Maximum of 30 requests for admissions by each party to any other party. Responses due 40 days after service.

Maximum of 40 requests for production of documents by each party to any other party.

Responses due 40 days after service.

10. All potentially dispositive motions filed by July 25, 2006.

11. Settlement cannot be evaluated at this time, prior to the initiation of some discovery.

12. Other matters: None as of this date.

Submitted this the ___20___ day of January, 2006.

Charles W. Blakeney, Esq., BLA068
Attorney for the Plaintiff
Post Office Box 100
Geneva, Alabama 36340
334-684-2387
334-684-2589 (fax)

Michael S. Jackson, JACKM8173
BEERS, ANDERSON, JACKSON
   PATTY & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama 36102
334-834-5311
334-834-5362 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __20__ day of __January__, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Michael S. Jackson, JACKM8173
BEERS, ANDERSON, JACKSON
    PATTY & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama 36102

_____
Charles W. Blakeney