**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CECELIA GIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:05-cv-912-MHT** |
| | ) | |
| **P & C GROCERS, INC., AND** | ) | |
| **CHARLES PARKER, INDIVIDUALLY** | ) | |
| **AND AS AN AGENT FOR** | ) | |
| **P & C GROCERS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**P&C GROCERS, INC. AND CHARLES PARKER'S**
**PROPOSED JURY INSTRUCTIONS**

COME NOW the Defendants P&C Grocers, Inc. (hereinafter "P&C") and Charles Parker

(hereinafter Parker), and, pursuant to this Court's Order, hereby submit their proposed jury charges:


                                       /s/ Micheal S. Jackson
                                       **MICHEAL S. JACKSON [JACKM8173]**
                                       Attorney for Defendants Charles Parker and
                                       P&C Grocers, Inc.

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
    PATTY, VAN HEEST & FAWAL, P.C.
P. O. Box 1988
Montgomery, AL 36102
(334) 834-5311
(334) 834-5362 (fax)

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \*

**Notetaking - Permitted**. If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory and not as a transcript of what occurred during trial.  If your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking - Not Permitted**.  A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.  It is requested, however, that Jurors <u>not</u> take notes during the trial.  One of the reasons for having a number of persons on the Jury is to gain the advantage of your several individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may <u>not</u> have skill or experience in notetaking and may not wish to do so.

\* \* \* \* \*

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the Court or Judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within

certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CECELIA GIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:05-cv-912-MHT** |
| | ) | |
| **P & C GROCERS, INC., AND** | ) | |
| **CHARLES PARKER, INDIVIDUALLY** | ) | |
| **AND AS AN AGENT FOR** | ) | |
| **P & C GROCERS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

**DEFENDANT'S REQUESTED JURY CHARGE NO. 1**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instruction 2.2

**GIVEN_____          REFUSED_____**

**DEFENDANT'S REQUESTED JURY CHARGE NO. 2**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instruction 3

**GIVEN_____          REFUSED_____**

**DEFENDANT'S REQUESTED JURY CHARGE NO. 3**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Jury Instruction 4.1

**GIVEN_____**                         **REFUSED_____**

**DEFENDANT'S REQUESTED JURY CHARGE NO. 4**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden or persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of evidence you may consider the testimony of all the witnesses, regardless of who  may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.


Eleventh Circuit Pattern Jury Instruction 6.1


**GIVEN_____**                              **REFUSED_____**

## DEFENDANT'S PROPOSED JURY CHARGE NO. 5

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's religious beliefs.

More specifically, the Plaintiff claims that she was discharged from employment by the Defendant because of the Plaintiff's religious beliefs.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that she was terminated as a result of her poor job performance which was caused by her excessive drinking.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:   That the Plaintiff was discharged from employment by the Defendant; and

<u>Second</u>:  That the Plaintiff's religious beliefs were a substantial or motivating factor that prompted the Defendant to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's religious beliefs. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their religious beliefs.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's religious beliefs were the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that religion was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiff's religious beliefs. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's religious beliefs, then you will make that finding in your verdict.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial;

(b)    Emotional pain and mental anguish.

(c)    Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Eleventh Circuit Pattern Jury Instruction 1.2.1

**GIVEN_____**                              **REFUSED_____**

**DEFENDANT'S PROPOSED JURY CHARGE NO. 6**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against their employees in the terms and conditions of their employment because of the employee's sex or gender.

More specifically, the Plaintiff claims that she was subjected to a hostile or abusive work environment because of sexual harassment which is a form of prohibited employment discrimination.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That the Plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of her sex or gender;

Second:    That such hostile or abusive work environment was created by a supervisor with immediate or successively higher authority over the Plaintiff; and

Third:    That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

A work environment is hostile or abusive because of sexual harassment only if (1) the Plaintiff was subjected to sexually offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially

altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive; and (5) the Plaintiff personally believed the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment.

Finally, in order for the Plaintiff to recover damages for having been exposed to a discriminatorily hostile or abusive work environment because of sex, the Plaintiff must prove that such damages were proximately or legally caused by the unlawful discrimination. For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find that the Plaintiff has proved each of the things she must prove in support of her claim, you will then consider the Defendant's affirmative defense to that claim.

In order to prevail on the affirmative defense, the Defendant must prove each of the following facts by a preponderance of the evidence:

First:    That the Defendant exercised reasonable care to prevent and correct promptly, any sexually harassing behavior in the workplace; and

Second:    That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer:  (a) that the employer  had promulgated an explicit policy against sexual harassment in the workplace; (b) that such policy was fully communicated to its employees;  and (c) that such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management.  Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

If you find that the Plaintiff has proved her claim and that the Defendant has not proved its affirmative defense, you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also,

compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)    Net lost wages and benefits to
                the date of trial;

      (b)    Emotional pain and mental anguish.

      [(c)    Punitive damages, if any (as
                explained in the Court's
                instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However,

an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Eleventh Circuit Pattern Jury Instruction 1.2.2

**GIVEN_____          REFUSED_____**

**DEFENDANT'S REQUESTED JURY CHARGE NO. 7**

Ladies and Gentlemen, now, this is not meant to suggest to you that you should or should not award damages to the Plaintiff. However, if you determine that the Plaintiff is entitled to recover damages for either of her claims, you may only award damages once. You should not award the same damages for each of her claims separately because the law does not allow a person to receive a "double recovery," meaning, she may only recover the amount of damages she proves as a result of the defendant's actions.

*Brown v. A.J. Gerrard Mfg. Co.*, 695 F.2d 1290 (C.A.Ala.,1983)

**GIVEN_____    REFUSED_____**

**DEFENDANT'S PROPOSED JURY CHARGE NO. 8**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instruction 7.1

**GIVEN_____        REFUSED_____**

**DEFENDANT'S REQUESTED JURY CHARGE NO. 9**


Election of Foreperson

Explanation of Verdict Form(s)


When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instruction 8


**GIVEN_____          REFUSED_____**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2006, I electronically filed the foregoing P&C GROCERS, INC. AND CHARLES PARKER'S PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/ Micheal S. Jackson
**OF COUNSEL**