IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CECELIA GIBBS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 1:05-cv-912-MHT |
| | ) |
| **P & C GROCERS, INC., AND** | ) |
| **CHARLES PARKER, INDIVIDUALLY** | ) |
| **AND AS AN AGENT FOR** | ) |
| **P & C GROCERS, INC.,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS P & C GROCERS, INC. AND CHARLES PARKER'S
MOTION IN LIMINE**

COME NOW Defendants P&C Grocers, Inc., and Charles Parker, by and through their attorney of record, and move the Court *in limine* to instruct, direct and order that information, and/or testimony regarding the fact that Defendants may have liability coverage in this matter be denied admission into evidence and that no reference, direct or indirect, be made thereto during the course of the trial, throughout voir dire questioning of the jury panel, opening statements, questioning of the witnesses, testimony, closing arguments, or remarks of any kind, by plaintiffs, their attorneys and/or witnesses.

This motion is made on the grounds that evidence of a liability policy is irrelevant as to any matter at issue in this case and thus, such evidence is not admissible.  It is well established by the Federal Rules of Evidence that evidence that a person was or was not insured against liability is inadmissible upon the issue of whether the person acted negligently or otherwise wrongfully. Fed.R.Evid. 411.  Furthermore, the fact that there may exist a liability policy for the benefit of the

Defendants does not prove any alternative, admissible fact in this case. While the existence of insurance coverage *may* be admissible to rebut an implication by the defendant that he lacks sufficient resources to satisfy the judgment in *some* circumstances, in the case *sub judice* the existence of coverage is as yet unresolved.

Regis Insurance Company has a pending declaratory judgment action before this Court wherein it alleges that the liability policy procured by Defendant P&C does not afford coverage for the allegations set forth in Plaintiff's Complaint. Until said matter is resolved, there exists a strong possibility that the Defendants, in fact, will not have liability coverage for the allegations made basis of this litigation. Admission of the fact that a policy of insurance exists or any reference thereto will only serve to unduly prejudice the Defendants as there is a strong likelihood the jury will consider the existence of coverage when determining whether to award damages and the size of said damage award. Specifically, jurors may be more inclined to award higher damages to the Plaintiff if they believe the expense thereof will be borne by a company with deep pockets rather than either of the Defendants personally. Furthermore, said consideration may prove to be especially prejudicial if the pending Declaratory Judgment action is resolved in favor of Regis Insurance Company, hence affording no coverage to the Defendants for any damage award returned.

There is absolutely no probative value in admitting the Defendants' liability coverage into evidence. The admission of this fact is contrary to Federal Rule of Evidence 411, does not fall within any of the recognized exceptions and will only serve to prejudice the Defendants.

**WHEREFORE,** the above premises considered, Defendants P&C Grocers, Inc., and Charles Parker respectfully move the Court to exercise its inherent power over the conduct of the trial and order that any reference concerning liability insurance be excluded.

**RESPECTFULLY SUBMITTED,** this the 22nd day of December, 2006.

/s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendants P&C Grocers, Inc.
and Charles Parker

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
   PATTY, VAN HEEST & FAWAL, P.C.
P. O. Box 1988
Montgomery, AL 36102
(334) 834-5311
(334) 834-5362 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2006, I electronically filed the foregoing DEFENDANT P&C GROCERS, INC. AND CHARLES PARKER'S MOTION IN LIMINE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/ Micheal S. Jackson
**OF COUNSEL**