IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECELIA GIBBS, | * |
| PLAINTIFF, | * |
| VS. | * CIVIL ACTION NO._____ |
| P & C GROCERS, INC., AND CHARLES PARKER, INDIVIDUALLY AND AS AN AGENT FOR P & C GROCERS, INC. | * DEMAND FOR JURY TRIAL |
| DEFENDANTS. | * |

## COMPLAINT

I. **INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through 42 U.S.C. 2000(e), et seq. The plaintiff seeks compensatory and punitive damages, and requests a jury trial.

2. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000(e) et seq. The plaintiff timely filed her charge of sexual harassment and retaliation within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit claiming sexual harassment and retaliation within 90 days of the receipt of her right-to-sue letter from the EEOC.

II. **JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4); 28 U.S.C. Section 2201 and 2202.

4. The unlawful employment practices alleged herein were committed by defendants within Geneva County, the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. Section



DEFENDANT'S EXHIBIT A

1391(b).

5. Plaintiff requests a trial by jury on all issues.

### III. PARTIES

6. The plaintiff, Cecelia Gibbs, is a white female, a citizen of the United States, and a resident of the State of Alabama. The plaintiff was an employee of defendant, P & C Grocers, Inc., at its convenience store in Eunola, Alabama.

7. The defendant, P & C Grocers, Inc., is incorporated under the laws of the State of Alabama, with its principle place of business at 134 East Reynolds Street, Ozark, Alabama 36360, and employed at all times relevant to this action, at least fifteen (15) or more employees.

8. The defendant, Charles Parker, at all times material to this action, was the President, supervisor and an agent of P & C Grocers, Inc. in the State of Alabama.

### IV. STATEMENT OF FACTS AND CLAIMS

9. Defendant, Charles Parker, subjected the plaintiff to unwanted, inappropriate and harassing remarks and touching. The Defendant, Charles Parker rubbed the Plaintiff's shoulders in a sexually suggestive way.

10. Plaintiff requested that the Defendant refrain from the sexual harassment; however, no action was taken to cease or prevent the sexual harassment, which constituted discrimination against the plaintiff based on her sex, female. Defendant, Charles Parker's sexually demeaning conduct and touching of the Plaintiff was unwanted.

11. Defendant, Charles Parker, also continually instructed the Plaintiff to "get right with God." The Plaintiff requested that the Defendant refrain from discussing religion in her presence; however, the Defendant refused.

12. Plaintiff originally worked at the convenience store in Eunola, Alabama prior to the Defendant, P & C Grocers, Inc. acquiring the same; however, the Plaintiff came under P & C

Grocers, Inc.'s employment on January 5, 2004.

13. In retaliation for her complaints regarding the sexual harassment and religious comments, Plaintiff was discriminated against in that she was discharged. The Defendant, Charles Parker, informed the Plaintiff that the reason she was discharged was because "she needed to get right with God."

14. As a result of the Defendant's conduct, the Plaintiff has suffered severe emotional distress and humiliation, as well as, financial detriment.

## COUNT I
## SEXUAL HARASSMENT, DISCRIMINATION, AND RETALIATION

15. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16. The Defendants intentionally and maliciously sexually harassed and/or allowed the sexual harassment of the Plaintiff and terminated her employment in retaliation for her opposition to harassing employment practices at Defendant, P & C Grocers, Inc. Eunola, Alabama store.

17. The Plaintiff has no paid, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is here only means of securing adequate relief.

18. The Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II
## RELIGIOUS DISCRIMINATION

19. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

20. The Defendants intentionally and maliciously discriminated against the Plaintiff on the basis of her religion, culminating in retaliation for her opposing the harassing employment practices

at Defendant, P & C Grocers, Inc. Eunola, Alabama store.

21. The Plaintiff has no paid, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is here only means of securing adequate relief.

22. The Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT-III
## INTENTIONAL INFLICTION OF EMOTIONAL HARM

23. The plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24. This is a claim arising under the law of the State of Alabama prohibiting the intentional infliction of emotional harm.

25. The conduct of the defendants as previously set forth was extreme and outrageous and was beyond the bounds of decency. Such conduct proximately caused plaintiff to suffer great emotional distress and trauma for which she claims compensatory and punitive damages.

V. PRAYER OR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as guaranteed by the Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000(e) et seq.

2. Grant plaintiff a permanent injunction enjoining the defendants, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Action of

"1964," as amended, 42 U.S.C. Section 2000(e) et seq..

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her reinstatement and/or frontpay, her backpay (plus interest), and other compensatory, punitive and/or nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may required, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted this the 20 day of September, 2005.

_____
Charles W. Blakeney, BLA068
Attorney for Plaintiff
Post Office Box 100
Geneva, Alabama 36340
(334) 684-2387

Plaintiff demands a trial by struck jury on all issues triable by a jury.

_____
Charles W. Blakeney

**STATE OF ALABAMA,
COUNTY OF GENEVA.**

Before me, the undersigned authority, a Notary Public in and for said County, in said State, personally appeared Cecelia Gibbs, who being by me first duly sworn, deposes and says as follows:

My name is Cecelia Gibbs, and I am the Plaintiff in the above styled cause. I have read over the allegations of the Complaint as prepared by my attorney, and allegations set forth therein are true and correct according to my information, knowledge, and belief.

_____
Cecelia Gibbs

Sworn to and subscribed before me this 18 day of August, 2005.

_____
Notary Public